ACCEPTED
05-15-00974-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 5:54:38 PM
LISA MATZ
CLERK

IN THE COURT OF APPEALS FOR THE
FIFTH COURT OF APPEALS DISTRICT OF TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
12/15/2015 5:54:38 PM
LISA MATZ
Clerk

MCCLAIN EDWARD §
GLICKMAN, §
*APPELLANT* §
§
§
V. § NO. 05-15-00974-CR
§
§
THE STATE OF TEXAS, §
*APPELLEE* §

*APPEALED FROM CAUSE NUMBER 002-87813-2014 IN THE COUNTY COURT AT LAW NUMBER 2 OF COLLIN COUNTY, TEXAS; THE HONORABLE BARNETT WALKER, JUDGE PRESIDING.*

§ § §

# APPELLANT'S REPLY BRIEF

§ § §

JERRY DEAN KELLY
Attorney At Law
4131 N. Central Expressway, Suite 110
Dallas, Texas 75204
State Bar No. 11221500
jerryd_kelly@yahoo.com

MICHAEL R. CASILLAS,
Attorney At Law
351 S. Riverfront Blvd
Dallas, Texas 75207-4399
(214) 748-5200/ FAX (214) 748-5202
State Bar No. 03967500
michael@londonlawdfw.com

The privilege of presenting
oral argument is hereby
respectfully requested.

TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF THE CASE/
STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF APPELLANT'S REPLY ARGUMENTS . . . . . . . . . . . . . . . . . 3

THE CERTAIN MATTERS IN
APPELLEE'S BRIEF TO BE ADDRESSED . . . . . . . . . . . . . . . . . . . . . . . . . 4

*I. APPELLEE HAS CHARACTERIZED APPELLANT'S
VERSION OF THE FACTS AND A PORTION OF
APPELLANT'S ARGUMENT IN A MISTAKEN MANNER* . . . . . . . . . 4

*II. APPELLEE'S CLAIM TO THE EFFECT THAT
APPELLANT'S ARGUMENT HAS WHOLLY IGNORED
A CASE THAT CONSTITUTES BINDING PRECEDENT IS
REFUTED BY THE SUBSTANTIVE CONTENT OF
APPELLANT'S OPENING BRIEF* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*III. APPELLEE'S CLAIMS REGARDING THE EVIDENCE
ARE REFUTED BY THE STATE'S OWN EVIDENCE AND
WOULD REQUIRE THIS COURT TO DO AN ACT IT HAS
BEEN ADMONISHED AGAINST – TURN A BLIND EYE TO
WHAT THE STATE'S OWN EVIDENCE SHOWS* . . . . . . . . . . . . . . . . . 7

CONCLUSION AND PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE AND COMPLIANCE . . . . . . . . . . . . . . . . . . . . 11

Identity of Parties and Counsel

Appellant:

McClain  Edward  Glickman

Represented by:

The Honorable Jerry D. Kelly, Attorney At Law
4131 N. Central Expressway, Suite 110
Dallas, Texas 75204

The Honorable Michael R. Casillas, Attorney At Law
351 S. Riverfront Blvd.
Dallas, Texas 75207

Appellee:

The  State  of  Texas

Represented by:

The Honorable Greg Willis
District Attorney of Collin County
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

The Honorable John Rolater
Chief Appellate Prosecutor
Collin County District Attorney's Office
2100 Bloomdale Road, Suite 100
McKinney, Texas 75071

# TABLE OF AUTHORITIES

**CASES**                                                     **PAGES**

Carmouche v. State, 10 S.W.3d
323 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

Ford v. State, 158 S.W.3d
488 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

Lothrop v. State, 372 S.W.3d
187 (Tex. Crim. App. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7

Vinson v. State, 252 S.W.3d 336
(Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9


**STATUTES, CODES, CONSTITUTIONS, AND RULES**

Tex. R. App. P. 4.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. P. 38.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. R. App. P. 38.6(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Transp. Code §545.058(a)(1)-(7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Transp. Code §545.058(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TO THE HONORABLE COURT OF APPEALS:

The instant Appellant's Reply Brief is submitted on behalf of McClain Glickman (hereinafter Appellant), in regard to the trial court's having erroneously denied the suppression motion that had been filed by and on the behalf of Appellant.

## SUMMARY OF THE CASE/STATEMENT OF FACTS

Based on the content of the Appellant's Opening Brief, this Court is well aware of the historical facts and procedural posture of this case. Accordingly, Appellant will not repeat those matters in the instant Appellant's Reply Brief, but instead directs this Court to the discussion of those matters that is contained in the Appellant's Opening Brief.

The State, as Appellee, filed a response brief on December 4, 2015, as well as an extension motion. On December 7, 2015, this Court issued an order by which the State's Response Brief was ordered filed December 7, 2015.

Based on the claims in the State's Response Brief, this Court is well aware of the State's responses to the contentions contained in Appellant's Opening Brief. Appellant, however, wishes to address certain matters raised in the State's Response Brief.

As per the literal text of the applicable rule of appellate procedure, Appellant files the instant Appellant's Reply Brief in an effort to address certain matters in the

1

State's Response Brief. *See* Tex. R. App. P. 38.3. According to Tex. R. App. P. 38.6(c), an appellant must file any reply brief within twenty (20) days of the filing of the appellee's brief. As noted earlier, the State's Response Brief was filed on December 4, 2015, but was ordered filed by this Court on December 7, 2014. As calculated in accordance with the applicable rule of appellate procedure, the twentieth (20th) day after December 4, 2015 would be December 24, 2015, but the twentieth (20th) day after December 7, 2015 would be December 27, 2015, which is a Sunday. *See* Tex. R. App. P. 4.1(a). As per the language of the relevant rules of the Texas Rules of Appellate Procedure (and based on how this Court's order resulted in the State's Response Brief being filed on December 7, 2015), the instant Appellant's Reply Brief is timely so long as it is filed no later than Monday, December 28, 2015. *See* Tex. R. App. P. 4.1(a); Tex. R. App. P. 38.6(c).

## SUMMARY OF APPELLANT'S REPLY ARGUMENTS

*Appellee has characterized Appellant's version of the facts and a portion of Appellant's argument in a mistaken manner that Appellant feels compelled to correct.*

*Additionally, Appellee's claim to the effect that Appellant's argument has ignored a case that constitutes binding precedent (and upon which Appellant has actually relied) is refuted by the substantive content of Appellant's Opening Brief.*

*Finally, Appellee's arguments regarding the evidence are refuted by the State's own evidence and would require this Court to do an act it has been admonished against - turn a blind eye to what the State's own evidence shows.*

*For all the aforementioned reasons and the reasons stated in Appellant's Opening Brief, Appellant respectfully reiterates that the trial court still erred and abused its discretion in denying Appellant's suppression motion.*

<u>THE  CERTAIN  MATTERS  IN  APPELLEE'S</u>
<u>BRIEF  TO  BE  ADDRESSED</u>

*I.  APPELLEE  HAS  CHARACTERIZED  APPELLANT'S*
*VERSION  OF  THE  FACTS  AND  A  PORTION  OF*
*APPELLANT'S  ARGUMENT  IN  A  MISTAKEN  MANNER .*

Appellee's Response Brief expressly states, "Appellant also alleges that he moved over, as required by law, because he saw Officer Rangel's police lights." (State's Brief at p. 7).  As such, Appellee has argued that it is Appellant's argument that Appellant was required to move over and that Officer Rangel's "police lights" had been activated.  In support of these arguments, Appellee cites "App. Brief, p. 21," which Appellant interprets as a reference to page 21 of Appellant's Opening Brief.

A review of page 21 of Appellant's Opening Brief, however, leaves no doubt that Appellant never argued that he had any duty whatsoever to move over.  Moreover, the entire thrust  of Appellant's overall argument is that Appellant had the legal right to drive on the improved shoulder  – if he so chose to do so – because Officer Rangel's police car was clearly gaining on Appellant's car because Officer Rangel's car was, to use the language of Tex. Transp. Code §545.058(a)(5), "traveling  faster" than Appellant's car.  Finally, Appellant's Opening Brief made the observation that is troubling how motorists fail to pull over for police cars that are traveling faster, but never claimed that Officer Rangel's red and blue police lights had been activated at the

4

time Appellant's car moved onto the shoulder. In regard to this point, Appellant's Opening Brief relied on how State's Exhibit 2 showed that the headlights of Officer Rangel's car were shining towards Appellant and how Appellant would have been able to perceive therefrom that some type of vehicle was traveling faster from behind him (which would authorize Appellant under the law to drive on the improved shoulder). (Appellant's Opening Brief at pp. 17-22).

Accordingly, the aforementioned matters raised by Appellee fail to provide any substantive support for affirming the trial court's erroneous suppression decision.

> *II. APPELLEE'S CLAIM TO THE EFFECT THAT APPELLANT'S ARGUMENT HAS WHOLLY IGNORED A CASE THAT CONSTITUTES BINDING PRECEDENT IS REFUTED BY THE SUBSTANTIVE CONTENT OF APPELLANT'S OPENING BRIEF.*

Appellee's Response Brief expressly states, "Appellant's argument wholly ignores the Court of Criminal Appeals' opinion in Lothrop [v. State, 372 S.W.3d 187 (Tex. Crim. App. 2012)]." (State's Brief at p. 8). Appellee employs the quoted rhetoric in an effort to refute Appellant's claim that the trial court effectively engaged in improper burden shifting by making a factual finding (and a legal conclusion related thereto) about why Appellant had driven on the improved shoulder and then relying on those rulings, when only Appellant's testimony could have provided any facts in regard to those matters (and Appellant had no duty to refute anything based on the

5

warrantless nature of the detention).  (State's Brief at p. 8).

A review of Appellant's Opening Brief reveals that <u>Lothrop</u> is cited and/or discussed on a total of 10 different pages (of a brief that contains a total of only 32 pages).  As such, the total number of pages of Appellant's Opening Brief upon which either citation or discussion of the <u>Lothrop</u> case appears is at least inconsistent with Appellee's criticism that Appellant has ignored <u>Lothrop</u>.

Additionally, the appellate record is undisputed that a critical part of the trial court's ultimate decision was a ruling that none of the seven statutory purposes of Tex. Transp. Code §545.058(a)(1)-(7) had been present.  As was stated in Appellant's Opening Brief, State's Exhibit 2 clearly showed that Appellant moved onto the shoulder while the headlights of Officer Rangel's "traveling faster"car were shining towards Appellant's car.  (Appellant's Opening Brief at pp. 17-29).  As was also stated in Appellant's Opening Brief, the only person who can establish if the movement onto the shoulder was originally intended to permit Officer Rangel to pass is Appellant. (Appellant's Opening Brief at p. 22).  However, under the law cited in Appellant's Opening Brief, the warrantless nature of the detention meant that Appellant had no duty to explain anything and that the trial court violated <u>Lothrop</u> and <u>Ford v. State</u>, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) by basing a ruling against Appellant on a matter that only Appellant could establish and that was – as a matter of law –

6

irrelevant. (Appellant's Opening Brief at pp. 22-23).

Far from ignoring <u>Lothrop</u>, Appellant has expressly relied on it as binding precedent which compels the conclusion that the trial court erred by reversing the burden at the suppression hearing and by concluding that the State's evidence justified the warrantless detention to which Appellant was subjected. Accordingly, the matters raised by Appellee and discussed immediately above herein provide no substantive support for affirming the trial court's erroneous suppression decision.

> *III. APPELLEE'S CLAIMS REGARDING THE EVIDENCE ARE REFUTED BY THE STATE'S OWN EVIDENCE AND WOULD REQUIRE THIS COURT TO DO AN ACT IT HAS BEEN ADMONISHED AGAINST – TURN A BLIND EYE TO WHAT THE STATE'S OWN EVIDENCE SHOWS.*

In regard to Appellant's arguments about what State's Exhibit 2 shows, Appellee's Response Brief expressly states, "Neither of these contentions have any factual basis in the record." (State's Brief at p. 7). Appellee's Response Brief, however, then states that "the video shows that Appellant pulled onto the improved shoulder for mere seconds before pulling all the way over into the center lane of traffic." (State's Brief at p. 7). Appellee's Response Brief in no way disputes that State's Exhibit 2 shows not only how Officer Rangel's headlights were shining in the direction of Appellant's car, but also that Officer Rangel's car was "traveling faster" than Appellant's car.

7

Appellant maintains his contentions that the content of State's Exhibit 2 shows Appellant's car moving onto the improved shoulder while Officer Rangel's car is closing the distance between the two cars by "traveling faster" than Appellant's car. In the case of Carrmouche v. State, 10 S.W.3d 323, 332 (Tex. Crim.App. 2000), the Texas Court of Criminal Appeals expressly cautioned that appellate courts reviewing video recorded evidence should not "blind" themselves to the contents of the vide recordings, especially when such video recorded evidence "belies" the trial court's characterization thereof. Carmouche, 10 S.W.3d at 332. Additionally, in the case of Vinson v. State, 252 S.W.3d 336, 341 (Tex. Crim. App. 2008), the Texas Court of Criminal Appeals noted that reviewing courts "must keenly review the issue" when the record shows that a trial court's ruling is based on a determination of historical fact that could not possibly have been derived from the historical facts actually developed during the proceedings. Vinson, 252 S.W.3d at 341.

The content of State's Exhibit 2 shows Appellant driving onto the improved shoulder while Officer Rangel is approaching from the rear, such that Appellant's conduct was entirely consistent with an initial decision to drive on the shoulder to permit Officer Rangel to pass. That Appellant may have changed his mind and moved back over cannot be conscripted to support reasonable suspicion because why Appellant did what he did is – as a matter of law – irrelevant under the circumstances

8

presented, a warrantless detention that the State has the duty to justify. *See* <u>Ford</u>, 158 S.W.3d at 492. Since nothing in State's Exhibit 2 provides relevant grounds for the conclusion that Appellant's having driven on the shoulder had not been part of an initial decision to yield to Officer Rangel's oncoming car, the trial court's ultimate ruling (and rulings made in support thereof) cannot be justified based on the existing factual record. Finally, this Court would be acting contrary to <u>Carmouche</u> and <u>Vinson</u> to affirm the trial court's erroneous suppression ruling when it can only be explained by the trial court's having attributed to Appellant a motive that only Appellant could – but did not as a matter of law have to – dispute.

Accordingly, the aforementioned matters raised by Appellee fail to provide any substantive support for affirming the trial court's erroneous suppression decision.

## CONCLUSION AND PRAYER

In accord with and based on all the legal authority cited by Appellant in both Appellant's Opening Brief and the instant Appellant's Reply Brief, the trial court clearly erred and abused its discretion by denying Appellant's suppression motion through attributing to Appellant an irrelevant matter about Appellants' motivation for driving on the improved shoulder. Since the trial court committed reversible error by denying Appellant's suppression motion, Appellant prays that this Court will reverse the trial court's erroneous suppression ruling and order that the evidence against Appellant must be suppressed.

Respectfully submitted,

/s/ Jerry D. Kelly
JERRY D. KELLY
Attorney At Law
Dallas County, Texas

MICHAEL R. CASILLAS, Attorney
At Law
351 S. Riverfront Blvd.
Dallas, Texas 75207
(214) 748-5200/FAX (214) 748-5202
State Bar No. 03967500

## <u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that – no later than December 31, 2015 – a true, electronically formatted copy of the instant Appellant's Reply Brief has been served on opposing counsel, the Hon. John Rolater, Assistant District Attorney, Chief Appellate Prosecutor, and the Hon. Amy Sue Melo Murphy, Assistant District Attorney, 2100 Bloomdale Road, Suite 100, McKinney, TX 75071, by use of the electronic service function that accompanies the filing of the Appellant's Reply Brief with this Court through the electronic filing service provider to which the Appellant subscribes or through e-mailing said copy directly to the Hon. John Rolater.

Based on the word-count function of the Word Perfect, word-processing software with which the instant Appellant's Reply Brief was drafted, I also hereby certify that the instant Appellant's Reply Brief contains 1,788 words.

*Michael R. Casillas*

_____
MICHAEL R. CASILLAS

F:\Defense Attorney Mike Casillas\Direct appeals\REPLY BRFS\05-15-00974-CR-[Glickman]; Appellant's REPLY Brief-FiNAL.wpd

11